UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EQUAL RIGHTS ADVOCATES and VICTIM RIGHTS LAW CENTER, <br><br> *Plaintiffs - Appellants*, <br><br> v. <br><br> ELISABETH DEVOS, in her official capacity as Secretary of Education; *et al.*, <br><br> *Defendants - Appellees*. | No. 19-17555 <br><br> D.C. No. 3:18-cv-00535-JSC <br> U.S. District Court for Northern California, San Francisco <br><br> **PLAINTIFFS-APPELLANTS' STATUS REPORT AND MOTION TO CONTINUE STAY OF PROCEEDINGS** |

Plaintiffs-Appellants, Equal Rights Advocates and Victim Rights Law Center, hereby move to continue the stay of this appeal for an additional ninety days pending an ongoing rulemaking and resolution of litigation that may moot this case.

Appellants challenge the Department of Education's policy regarding enforcement of Title IX of the Education Amendments of 1972 ("Title IX") set forth in guidance documents the Defendants-Appellees (collectively, the "Department") issued on September 22, 2017 (the "2017 Guidance"). In separate decisions, the district court dismissed Appellants' claim that the 2017 Guidance violated the equal protection guarantee of the Fifth Amendment, D. Ct. Dkt. No.

120, and granted summary judgment in the Department's favor on Appellants' claim under the Administrative Procedure Act. D. Ct. Dkt. No. 149.

On May 19, 2020, the Department issued a Final Rule under Title IX. *See* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026. The Rule went into effect on August 14, 2020. *Id.* at 30,026. This Rule supersedes the 2017 Guidance, *id.* at 30,029, and, if it survives the pending legal challenges and depending on changes to it from anticipated rulemaking, may moot this appeal (if the Department ultimately treats the 2017 Guidance as fully superseded, which it is not currently doing). In light of then-anticipated legal challenges, this Court granted Appellants' first consent motion to stay proceedings on June 9, 2020, staying the case until August 28, 2020. Dkt. Entry 13. Following a second consent motion, the Court granted a further stay of sixty days, through November 4, 2020. Dkt. Entry 15. On November 12, 2020, the Court granted an additional stay of sixty days, through January 4, 2021. Dkt. Entry 20. The Court then granted a further stay of approximately ninety days, until April 14, 2021. Dkt. Entry 22. Thereafter, the Court granted an additional stay of approximately ninety days, until July 20, 2021. Dkt. Entry 24. Next, the Court granted a further stay until January 18, 2022. Dkt. Entry 26. Thereafter, the Court granted an additional stay until May 13, 2022. Dkt.

30. The Court then granted a further stay on June 8, 2022. Dkt. 34. Most recently the Court granted a stay through March 15, 2023. Dkt. 36.

Litigation challenging the 2020 Rule is ongoing. The district court hearing Appellants' separate challenge to the rule issued judgment after a bench trial, ruling for the Department, except with respect to one section of the Rule, which it remanded to the agency. Findings of Fact, Rulings of Law, and Order for J., *Victim Rts. L. Ctr. v. DeVos*, No. 20-cv-11104 (D. Mass. July 28, 2021), ECF No. 183. The matter has been appealed, Notice of Appeal, *id*., No. 20-cv-11104 (Sept. 24, 2021), ECF No. 192; Notice of Appeal, *id.,* No. 20-cv-11104 (Sept. 27, 2021), ECF No. 198, and the appeal is being held in abeyance. Order, *Victim Rts. L. Ctr. v. Cardona*, No. 21-1782 (1st Cir. Mar. 17, 2022). One other case was in the midst of summary judgment briefing, although it is being held in abeyance pending the Department's then-anticipated and now ongoing proposed rulemaking. Min. Order, *Pennsylvania v. DeVos*, No. 20-cv-01468 (D.D.C. May 3, 2022). An additional challenge to the 2020 Rule was recently dismissed, but the Plaintiffs appealed the dismissal, and the appeal is stayed pending the Department's rulemaking proceedings. Order, *Women's Student Union v. U.S. Dep't of Educ*., No. 21-cv-01626 (N.D. Cal. Mar. 15, 2022), ECF No. 22.

Further, on July 12, 2022, the Department published a Notice of Proposed Rulemaking proposing to amend the Department's regulations concerning Title IX.

*See* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 87 Fed. Reg. 41,390 (July 12, 2022) (the "Proposed Rule"). This Proposed Rule would revise several of the provisions in the 2020 Rule subject to ongoing challenge and would substantially modify the regulatory regime relevant to the original challenge by Appellants in this litigation. The Fall 2022 Unified Agenda of Regulatory and Deregulatory Actions, which reports on administrative agencies' planned regulatory actions, lists May 2023 as the anticipated date for publication of a final. *See* Executive Office of the President, Office of Management and Budget, Office of Information and Regulatory Affairs, Fall 2022 Unified Agenda (Jan. 4, 2023).

Because both the ongoing rulemaking and the resolution of the pending litigation challenging the 2020 Rule may determine whether this appeal will ever need to be decided, it is appropriate to continue the stay of the appeal. Finalization of the currently proposed rule may make further litigation unnecessary. If it is not finalized, litigation on the 2020 Rule will likely resume. If the 2020 Rule is vacated in whole or in part following that litigation, the Department's prior regulation and remaining guidance documents—including the 2017 Guidance challenged in this litigation—will set forth Title IX requirements and guidance to the affected community.

4

The Department observed in a prior filing that the Department has rescinded the 2017 Guidance and suggested that this rescission made the appeal moot. Dkt. Entry 16 at 3. The Court has not taken briefing on the question of mootness. For current purposes, Appellants submit briefly that the stated rescission of the 2017 Guidance has not mooted the appeal for multiple reasons: (1) the Department apparently still applies the 2017 Guidance to events occurring prior to its stated rescission;[1] (2) the stated rescission did not restore earlier guidance documents that were themselves rescinded by the 2017 Guidance, making the current rescission incomplete and not fully redressing Appellants' injuries; and (3) the Department could reinstate the 2017 Guidance if the Final Rule were enjoined, making the injuries caused by it capable of repetition yet evading review. If the Court grants the request for a further stay, it may never need to reach any question of mootness.

This Court has previously stated that a "court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458,

---

[1] U.S. Dep't of Educ., Office for Civil Rights, *Questions and Answers for K-12 Public Schools in the Current COVID-19 Environment*, 7 (Sept. 28, 2020) (the Department will "apply the previous version of 34 CFR § 106.8," including the "[h]istorical documents that interpret those provisions" for "sexual harassment that allegedly occurred prior to August 14, 2020"), 8 n. 10 ("To the extent the 2017 Q&A is helpful to recipients as guidance for how to appropriately respond to sexual harassment that allegedly occurred prior to August 14, 2020, that document remains accessible on the Department's website"), https://www2.ed.gov/about/offices/list/ocr/docs/qa-covid-20200928.pdf.

1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.* 593 F.2d 857, 863-64 (9th Cir. 1979)). Factors a court may consider when deciding whether to issue a stay of proceedings include the interests of the parties, the efficient use of judicial resources, and the interests of the public and persons not parties to the litigation. *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citing *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995)).

These factors weigh in favor of continuing the stay of this appeal pending resolution of the ongoing rulemaking and the challenges to the 2020 Rule. Staying this appeal will avoid unnecessary expenditure of judicial resources and the resources of the parties. It will not prejudice the Department, nor does the Department make any suggestion to the contrary. And it will not interfere with the interests of non-parties, whose interests will likely no longer be affected by the 2017 Guidance pending the outcome of the ongoing rulemaking and currently stayed litigation on the 2020 Rule.

The timeframe for the Department's rulemaking remains uncertain. Accordingly, Appellants request that the appeal be stayed for an additional ninety days, and that thereafter, they file a status report and motion for further relief, if appropriate.

6

Upon inquiry, Appellees' counsel stated the following: "As set forth in the September 24, 2020 Status Report and Suggestion of Mootness, the Department continues to take the position that the appeal is moot. However, the Department takes no position on whether the Court should grant a continuation of the stay."

Dated: March 15, 2023

Respectfully submitted,
/s/ Robin F. Thurston
Robin F. Thurston
Democracy Forward Foundation
P.O. Box 34553Washington, DC 20043
Ph: (202) 448-9090
Fax: (202) 701-1775
Emails: rthurston@democracyforward.org,

Emily Martin
Neena Chaudhry
Sunu Chandy
Elizabeth Tang
National Women's Law Center
11 Dupont Circle, NW, Suite 800
Washington, DC 20036
Ph: (202) 588-5180
Fax: (202) 588-5185
Emails: emartin@nwlc.org,
nchaudhry@nwlc.org,
schandy@nwlc.org,
etang@nwlc.org

*Attorneys for Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that:

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 1514 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Dated: March 15, 2023

Respectfully submitted,
/s/ Robin F. Thurston

Robin F. Thurston
*Attorney for Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: March 15, 2023

Respectfully submitted,
/s/ Robin F. Thurston

Robin F. Thurston
*Attorney for Appellants*